IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA D. KREMERS                                                                                    PLAINTIFF

vs.                                              Civil No. 2:22-cv-02090

COMMISSIONER, SOCIAL                                                               DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Lisa D. Kremers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability application on August 28, 2019. (Tr. 12). In this application, Plaintiff alleges being disabled due to being blind or low vision, "hemispheric carotic artery syndrome," neuropathy in her hands and feet, seizure disorder, post traumatic stress disorder, anxiety and panic disorder, bipolar disorder, chronic hypertension, and "numbness on right side of face due to TIA stroke." (Tr. 210). In this application, Plaintiff alleges an onset date of July 15,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

2018. (Tr. 12). This application was denied initially on November 22, 2019, and it was denied again on reconsideration on May 26, 2020. *Id.* Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 30-50). Plaintiff's administrative hearing was held on January 26, 2021, and this hearing was held in Fort Smith, Arkansas. (Tr. 30-50). At this hearing, Plaintiff and Vocational Expert ("VE") Larry Seifert testified. *Id.*

On April 21, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-22). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 28, 2019, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, cerebrovascular accident, obesity, seizures, bipolar disorder, and panic disorder. (Tr. 14, Finding 2). Despite being severe, the ALJ found Plaintiff did not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments ("Listings") under 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-16, Finding 3).

The ALJ found Plaintiff was forty-one (41) years old on the date her application was filed. (Tr. 20, Finding 6). Such an individual is defined as a "younger individual" under 20 C.F.R. § 416.963(c). The ALJ also found Plaintiff had at least a high school education. (Tr. 20, Finding 7).

The ALJ then evaluated Plaintiff's subjective allegations and assessed her Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 4). Specifically, the ALJ assessed her RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasionally stoop and crouch, avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and hazards such as dangerous machinery and unprotected heights, work can be performed where interpersonal contact is incidental, e.g. assembly work, tasks should be no more

complex than those learned and performed by rote, with few variables and little judgment, and supervision required is simple, direct, and concrete.

*Id.*

The ALJ then considered Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ determined Plaintiff's PRW included work as a line assembler (medium, SVP 3). *Id.* Considering her RFC, the ALJ found Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 5). The ALJ then considered whether a hypothetical individual with Plaintiff's limitations retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 21).

Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following three occupations: (1) mail room clerk with approximately 14,000 such jobs in the national economy; (2) production assembler with approximately 62,000 such jobs in the national economy; and (3) merchandise marker with 125,000 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform these occupations, the ALJ found she was not under a disability, as defined by the Act, from August 28, 2019 (application date) through April 21, 2021 (date of the ALJ's decision). (Tr. 22, Finding 10).

Plaintiff then sought review with the Appeals Council. (Tr. 1-6). This request was denied. *Id.* On June 7, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 7, 2022. ECF No. 4. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims this case is not supported by substantial evidence in the record. ECF No. 13 at 1-21. Specifically, Plaintiff raises the following arguments for reversal: (A) the ALJ's RFC finding is unsupported by the record; and (B) Plaintiff cannot perform the jobs the ALJ identified at Step Five of the Analysis. *Id.* In response, Defendant argues the ALJ's decision is supported by substantial evidence in the record, and this case should not be reversed. ECF No. 15 at 1-13. This Court will consider Plaintiff's arguments for reversal.

A. **ALJ's RFC Determination**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 13 at 15-20. Plaintiff claims the following: "Clearly, the objective medical evidence, including MRI and exam findings, is consistent with her reported symptoms. All of this evidence in combination proves that Plaintiff is incapable of standing and walking for six hours per day, day after day." *Id.* at 16.

Upon review of the record in this case, however, the ALJ provided a detailed analysis of Plaintiff's medical records and her alleged limitations. (Tr. 17-20). For example, Plaintiff claims she still suffers from severe back pain. However, Plaintiff successfully received treatment for that back

pain as follows: "Dr. Baker recommended diagnostic bilateral lumbar medial branch block. Dr. Baker noted the claimant had positive response from the first diagnostic procedure 'with over 80 percent overall improvement in pain and/or 50 percent improvement in functional status as an ability to do more activity with less pain.'" (Tr. 18). Further, Plaintiff claims her mental impairments cause her to be unable to work, but her doctor reported Plaintiff "tries to take time for herself to do things like play a game on her phone or watch a movie." *Id.* The ALJ also found the following:

> The claimant endorsed the ability to care for her infant son, help her handicap husband with his medication, manage her personal care and grooming tasks without difficulty, prepare meals, perform some household chores such as dishes and laundry, drive a car, shop in stores, and manage her personal finances.

(Tr. 17). Based upon this review, and the ALJ's thorough review of the medical records and subjective allegations in this case, the Court cannot find Plaintiff's case should be reversed on this issue.[2]

### B. Step Five Determination

Plaintiff clams she cannot perform the jobs the VE identified at Step Five of the Analysis. ECF No. 13 at 20. Plaintiff claims the VE identified jobs she could not perform because the ALJ provided an incomplete hypothetical to the VE. *Id.* However, as noted above, this Court cannot find Plaintiff had limitations greater than those found by the ALJ. As such, this Court cannot find the hypothetical to the VE was improper.

### 4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported

---

[2] Plaintiff claims the ALJ discounted some of the evidence in the record because it did not support the ALJ's conclusions. Such an assessment is accurate. *All* of the evidence does not support the ALJ's conclusions, but it does not need to support those conclusions. Instead, the ALJ's disability determination need only be supported by substantial evidence in the record.

by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of February 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE